IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| EVELYNE LYDON and ) | |
| THOMAS LYDON, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 04-3084-CV-S-REL |
| ) | |
| EDEN R. ESGUERRA, M.D., ) | |
| MERCY CLINICS, INC., ) | |
| DAVID K. JONES, M.D., ) | |
| JACK V. RHOADS, M.D., ) | |
| MIDWEST INTERNAL MEDICINE, PC, ) | |
| ST. JOHN'S REGIONAL MEDICAL ) | |
| CENTER, ) | |
| BRIAN F. SULLIVAN, R.PH., ) | |
| RALPH A. REPPOND, R.PH., ) | |
| RICHARD C. SACHAN, R.PH., ) | |
| and ) | |
| IFTIKAR ALI, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the court is defendant Jack Rhoads's motion for in camera inspection of the written opinion of a legally qualified health care provider upon which plaintiffs' affidavit pursuant to R.S.Mo. § 538.225 is founded. For the following reasons, defendant's motion will be denied.

I. BACKGROUND

Plaintiffs filed this action on March 2, 2004, alleging medical negligence, direct corporate negligence, and loss of consortium. Plaintiff alleges that she was given the drug

Gentamicin despite having been diagnosed with pseudomonas aeruginosa, a bacterial infection resistant to most antibiotics, but susceptible to Gentamicin. Gentamicin can cause kidney or nerve damage. Plaintiff Evelyne Lydon claims that her negligent receipt of Gentamicin resulted in an inability to walk without falling, loss of the balance mechanism in her inner ear, dizziness, loss of enjoyment of life, pain and suffering, and emotional distress.

At the same time the complaint was filed, plaintiffs filed an affidavit stating that plaintiffs had obtained a written opinion of a legally-qualified health care provider stating that defendant Rhoads was negligent in his care of plaintiff Evelyne Lydon, that Dr. Rhoads's negligence caused plaintiff's damages, and that the health care provider is qualified to make such an opinion as he or she is a Board-certified infectious disease specialist. The affidavit was filed in accordance with the provisions of R.S.Mo. § 538.225[1].

---

[1] R.S.Mo. § 538.225 currently states as follows:
1. In any action against a health care provider for damages for personal injury or death on account of the rendering of or failure to render health care services, the plaintiff or his attorney shall file an affidavit with the court stating that he has obtained the written opinion of a legally qualified health care provider which states that the defendant health care provider failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances and that such failure to use such reasonable care directly caused or directly contributed to cause the damages claimed in the petition.
2. The affidavit shall state the qualifications of such health care providers to offer such opinion.
3. A separate affidavit shall be filed for each defendant named in the petition.
4. Such affidavit shall be filed no later than ninety days after the filing of the petition unless the court, for good cause shown, orders that such time be extended.

2

On October 15, 2004, the parties filed a proposed scheduling order suggesting, in part, that plaintiffs make expert witness disclosures, including all information required by Federal Rule of Civil Procedure 26, by June 30, 2005, and that the expert witness depositions take place between June 30, 2005, and September 30, 2005. Those suggestions were incorporated in a scheduling order filed on October 18, 2004.

On May 2, 2005, defendant Rhoads filed a motion for in camera inspection of health care affidavit. In his motion, defendant Rhoads states that because he was on call, he admitted plaintiff to St. John's Regional Medical Center and ordered the administration of Gentamicin in accordance with the hospital's pharmacy dosing service and requested a consult from a physician specializing in infectious diseases. The specialist then entered orders regarding the administration of Gentamicin which supplanted the orders of Dr. Rhoads. Dr. Rhoads argues that the purpose of the health care affidavit statute is to assure that medical malpractice claims for which there is no expert support will be terminated at an early stage in the proceedings, and in order to effectuate the purpose of the statute, he must be permitted to review the affidavit concerning his care of plaintiff Evelyne Lydon.

On May 4, 2005, plaintiffs filed a response, pointing out that defendant Rhoads's motion seeks authorization for in camera review of a document that is already a matter of public record, filed in this case as document number 8.

---

5. If the plaintiff or his attorney failed to file such affidavit the court may, upon motion of any party, dismiss the action against such moving party without prejudice.

3

On May 10, 2005, defendant Rhoads filed a reply, stating that although he had utilized the term "affidavit" in his motion, he was really referring to the written opinion of the legally qualified health care provider upon which plaintiffs' § 538.225 affidavit is founded.

On May 16, 2005, after obtaining leave to file a second response, plaintiffs argued that there is no legal authority for authorizing defendant Rhoads to review the written opinion.

## II.   SECTION 538.225

R.S.Mo. § 538.225 currently provides as follows:

> 1.   In any action against a health care provider for damages for personal injury or death on account of the rendering of or failure to render health care services, the plaintiff or his attorney shall file an affidavit with the court stating that he has obtained the written opinion of a legally qualified health care provider which states that the defendant health care provider failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances and that such failure to use such reasonable care directly caused or directly contributed to cause the damages claimed in the petition.
>
> 2.   The affidavit shall state the qualifications of such health care providers to offer such opinion.
>
> 3.   A separate affidavit shall be filed for each defendant named in the petition.
>
> 4.   Such affidavit shall be filed no later than ninety days after the filing of the petition unless the court, for good cause shown, orders that such time be extended.
>
> 5.   If the plaintiff or his attorney failed to file such affidavit the court may, upon motion of any party, dismiss the action against such moving party without prejudice.

There is no dispute that the requirements of § 538.225 apply in federal diversity actions. Hill v. Morrison, 870 F. Supp. 978, 982 (W.D. Mo. 1994); Smith v. Planned Parenthood of the St. Louis Region, 225 F.R.D. 233 (E.D. Mo. 2004). The dispute is exactly what is required or permitted under the current state of the law.

On May 13, 2005, § 538.225 was amended to require that the affidavit state the name and address of the legally qualified health care provider, that the health care provider be a specialist practicing in the same specialty as the defendant, and also provides that a court may, on motion, examine in camera the written opinion and conduct a hearing to determine whether there is probable cause to believe that a qualified health care provider will testify that the plaintiff was injured due to medical negligence by a defendant. If the court finds that there is no such probable cause, the court may dismiss the petition.

It would seem that the statute as amended in May of this year provides the authority for the relief sought by defendant (except that only the court may conduct the in camera review of the written opinion). However, the amendments to § 538.225 do not apply to this case; rather, they apply only to cases filed after August 28, 2005.

Therefore, as it stands, § 538.225 requires only that the plaintiff file an affidavit, which was done simultaneously with the filing of the complaint. Section 538.225 does not provide for in camera review of the written medical opinion.

### III. FEDERAL RULE OF CIVIL PROCEDURE 26

Federal Rule of Civil Procedure 26(a)(2) provides that the identities of expert witnesses along with their written reports must be disclosed to the adverse party. The reports must contain a complete statement of all opinions and the basis and reasons for those opinions, the data and other information considered by the witness in forming his or her opinions, the exhibits, the qualifications of the witness, a list of all publications authored by the witness, compensation received by the witness, and a listing of any other cases in which the witness has testified as an expert. Pursuant to the scheduling order entered on October 18, 2004, the plaintiffs are required to make these expert witness disclosures by June 30, 2005. Therefore, because of the scheduling order and Rule 26, defendant will have more information by June 30 than that sought in this motion to inspect the § 538.225 written report.

### IV. CONCLUSION

Because there is no current legal authority for in camera review of the § 538.225 written report, and because defendant is entitled to received all expert witness opinions by June 30, 2005, it is

ORDERED that defendant's motion for in camera inspection of health care affidavit is denied.

*/s/ Robert E. Larsen*
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
June 1, 2005

6